THE PULLMAN PALACE CAR COMPANY v. E. A. TRIMBLE.

No. 1390.

1. **Damages — Mental Anguish Resulting from Another's Suffering.—** Plaintiff, with her nephew, a child of 6 years, was carried past the depot and put off the sleeping car in the darkness, some distance beyond. In an action by her for damages therefor to herself, it is held that the mental anguish she experienced because of the fright and distress of the child could not be considered.

2. **Same.—**In an action of this character, the complainant must be restricted to the mental anguish which emanates from the wrong done himself, and not extended to that which he may experience in contemplating the sufferings of others who may be injured at the same time.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Pruitt & Smith,* for appellant.—1. Mental anguish and suffering and injury to feelings sustained by one person resulting from the tortious treatment inflicted by a second person upon some third person, are not proper elements of actual damages. Railway v. Trott, 86 Texas, 412; Railway v. Levy, 59 Texas, 566; Rowell v. Tel. Co., 75 Texas, 26; Railway v. Sutton, 53 Ill., 397; 2 Wood on Rys., 1238.

2. Mental anguish and injury to feelings, unless growing out of a breach of contract, or injury to the name, person, or property of the complaining party, can not be considered as elements of actual damages. Crawford v. Daggett, 17 S. W. Rep. (Texas), 929; Trawick v. Martin-Brown Co., 79 Texas, 460; Railway v. Levy, 59 Texas, 565; 1 Suth. on Dam., sec. 96; Black v. Railway, 10 La. Ann., 33.

*Hogsett & Orrick,* for appellee.—1. The charge of the court properly placed the right of appellee to recover upon the existence of her own distress, and not as compensation for the fright or distress of the child, any further, at least, than the fright and distress of the child were the inducement to her own distress and damage. Tel. Co. v. Richardson, 79 Texas, 649; Stewart v. Tel. Co., 66 Texas, 580.

2. On the question of damages of the character in this case, the verdict of a jury will not be disturbed unless it is such as to indicate passion or prejudice on the part of the jury. Railway v. Mansell. 23 S. W. Rep., 549.

HEAD, ASSOCIATE JUSTICE.—Appellee, a lady about 50 years old, in company with her sister, Mrs. Hardesty, and her nephew, a boy aged about 6 years, was travelling from Fort Worth to Atlanta, Texas, in one of the sleeping cars of appellant. They specially requested the conductor and porter to awaken them in time to enable them to dress before reaching their point of destination. This, however, was not done. They arrived at Atlanta about 5 o'clock in the morning, while it was yet dark, and not being prepared to leave the car, the train started on with them, but after passing the depot a short distance stopped, and the porter put the child off, but before the ladies could alight the cars started again, and after going a short distance, again stopped and permitted them to leave. This suit is prosecuted to recover damages for the mental and physical suffering endured by appellee by reason of the wrong thus done her.

In charging upon the measure of the damages, the court gave the following, among other instructions, viz:

"You are instructed, that the plaintiff can not recover any damages from any fright or distress of the child who was with her, and you will not consider the evidence with reference to that matter, except in so far as it may have affected the plaintiff, if you find it did affect her."

It will thus be seen that the jury was authorized to take into consideration not only the mental anguish suffered by appellee which resulted from the wrong inflicted upon herself, but also that which she endured on account of the fright and distress of the child, by reason of her sympathy for him.

The later telegraph cases in this State tend to sustain the correctness of the charge as given, in so far as it would have application to suits of that kind. Tel. Co. v. Richardson, 79 Texas, 649; Tel. Co. v. Stephens, 2 Texas Civ. App., 129. But even in that class of cases the

decisions are not at all in harmony; for in Telegraph Company v. Cooper, 71 Texas, 507, the idea that such damages would be allowed seems to have been rejected as a matter of course, the language used in the opinion being clear and pointed.

We are of the opinion, however, that this class of cases, with those in which the services contracted for are to be performed in reference to dead or sick relatives, must be treated as sui generis. Our views upon this subject are clearly presented in the opinion delivered by the present Chief Justice of our Supreme Court in Hale v. Bonner, 82 Texas, 34, where the following language is used: "We are unable to distinguish in principle this case from those in which recoveries against telegraph companies have been allowed for failure to deliver with promptness messages announcing the death or mortal illness of near relatives. Such cases are exceptional. As a rule, mental suffering is not an element of the damages which are recoverable for breach of a contract, or in an action for a tort founded upon a right growing out of a contract. Ordinarily the object of sending a telegraphic message announcing the death or sickness of a relative is to afford the person to be benefitted the solace that may result from being present during the last illness of the relative, or attending his obsequies, as the case may be. The direct result of the failure to perform the duty of delivering the message being to deprive the person addressed of this solace, and to cause distress of mind, it is not unreasonable that he should have his compensation therefor." A similar view has been expressed in Tennessee (Wadsworth v. Telegraph Company, 86 Tennessee, 695), as well as several other States, and seems to be recognized as sound in 1 Sedgwick on Damages, section 44.

When, however, we leave this class of cases, and those which can be sustained upon like grounds, the general, if not the almost universal, trend of the decisions is to refuse a recovery for mental anguish caused by sympathy for, or the contemplation of, the sufferings of others, whether the cause of action grow out of the breach of a contract or results from the commission of a tort.

In Railway v. Martino, 2 Texas Civil Appeals, 634, the judgment of the lower court was reversed, because a charge was construed as authorizing a recovery by the husband for his own mental suffering caused by the treatment his wife had received at the hands of the railway employes, in violation of a contract to properly carry her as a passenger.

In Railway v. Douglas, 69 Texas, 697, it was held, that an injured employe should not be allowed to recover for his mental suffering arising from apprehension and anxiety for the future of his wife and family.

A similar view to that expressed in Railway v. Martino, supra, seems to have been entertained by the court in Railway v. Box, 81 Texas, 675, where the wife was injured through the wrongful acts of the railway employes in causing her horse to run away, although the point is not directly decided.

Outside of this State a large number of cases, only.a few of which we will notice, could be cited in which recoveries were denied for mental suffering of the kind here involved.

In Hyatt v. Adams, 16 Michigan, 180, the question seems to be treated more at length, and perhaps more satisfactorily, than in any other case to which our attention has been called. That was a suit for malpractice against a physician, for causing the death of the plaintiff's wife, after much suffering on her part; and one of the questions was, could the husband recover for his own distress of mind caused by the pain she endured? It was held that he could not; and in the opinion, among other cogent reasons given, it is said: "If the plaintiff has a right to sustain an action for his distress of mind on account of his wife's suffering, upon what principle can the law refuse a like action in behalf of the father, mother, brother, or sister of the deceased, who may have sustained as much mental agony on the same account as the husband? And if these, who are more nearly related, and may have suffered more, why may not her more distant relatives sustain an action on the same principle for their respective portions of mental agony, according to their degrees of relationship? Or, if the amount of recovery is to be governed by the amount of actual suffering of the plaintiff as shown by the proof, what is to prevent an action by any sympathizing neighbor who has witnessed the wife's agony, and perhaps suffered just as keenly from it as the husband or relative? If the principle be once admitted, who shall prescribe its limits, and can any limits be prescribed which would not be purely arbitrary? These considerations show the propriety and good sense of the rule which restricts the right of action for mental suffering to the person who has received the physical injury."

In Black v. Railroad, 10 Louisiana Annual, 33, a father was suing for damages for an injury to his minor son, caused by the upsetting of a car in which he was a passenger. The court says: "The jury seems to have taken into view the shock to the parental feelings, and the solicitude and anxiety of the parents of the sufferer, which must be supposed to have been the consequence of the grave injuries and protracted convalescence of their child, and which are declared upon by plaintiff as elements of damages. But we are not disposed to admit the soundness of a doctrine which would extend vindictive damages to a case like the present. * * *. It may be well supposed that the mutilation of a healthy and promising boy, the pride of his parents, and the example of his schoolmates, such as the petition describes the plaintiff's son, has excited feelings of keenest anguish in the breasts of his relatives, and of the most painful sympathy in many who were not endeared to him by the ties of kindred. But we do not understand the object of the law to be the punishment of an offending party for having been the cause of unpleasant emotions in the family and acquaintances of the party offended; and this, in the form of a pecuniary compensation to the relative or friend thus affected. Were such the

law, the consequence of an offense to the offender would be greater or less, in proportion to the larger or smaller circle of friends of him who has been offended. This would be obviously to misplace the aim of public justice.'' Also see Wyman v. Leavitt, 71 Me., 227; Keyes v. Railway, 36 Minn., 290; Cowden v. Wright, 24 Wend., 429.

It seems to be almost universally agreed, that injury to the feelings is not to be taken into account in measuring the damages to be allowed, where the death of a relative has resulted from a tort growing out of a breach of contract, and we are unable to see upon principle why, if not allowed in such cases, it should be permitted where the injury to the relative, and consequently the distress of the complaining party, has not been so severe.

It has, however, been repeatedly decided, that in estimating the amount of damage one is to receive for a breach of a contract of carriage, or for a tort grounded upon such breach, of the kind here in question, his own mental anguish is to be taken into the account; and in arriving at the degree of such suffering, all the environments of the injured party are to be considered. Railway v. Gilbert, 64 Texas, 536.

But even then we think the complaining party must be restricted to the mental anguish which emanates from the wrong done himself, and not extended to that which he may experience in contemplating the sufferings of others who may be injured at the same time, however near to him they may be. Were the rule otherwise, each passenger in a railroad wreck might claim the right to recover, not only for the distress of mind which arose from his own injuries, but also for that which he sustained from contemplating the mangled condition of his fellow passengers. And even one who sustained no physical injury himself might be allowed to recover a large verdict for the anguish he endured while witnessing the bleeding forms of his companions and relatives, and listening to their heartrending cries.

The opinion of our Supreme Court in the recent case of Railway v. Trott, 86 Texas, 412, goes far towards limiting the recovery for mental anguish in cases of this kind to that which grows out of, is incident to, and blended with the physical injury or wrong done the complaining party. In that case a recovery for fright was denied, there being no accompanying physical injury, except to property.

We therefore conclude that the court below erred in giving the charge above copied; and when we contemplate the size of the verdict in this case ($1000), we think it can not be said this error was without prejudice to appellant.

What we have said renders it unnecessary for us to consider the other questions discussed by counsel.

The judgment of the court below will be reversed, and the cause remanded for a new trial.