[No. 9739.   *En Banc.*   March 8, 1913.]

VINNIE TAYLOR, *Respondent*, v. SPOKANE, PORTLAND & SEATTLE RAILWAY COMPANY, *Appellant.*[1]

CARRIERS—INJURY TO PASSENGERS—EVIDENCE—RELEVANCY.   Upon an issue as to the amount of damages sustained by a passenger in a head-on railway collision, a photograph of the wrecked train is competent to show the result of the impact (CROW, C. J., and MORRIS and CHADWICK, JJ., dissenting).

EVIDENCE—DAMAGES—MENTAL SHOCK—RES GESTAE.   Upon an issue as to the amount of damages sustained in a railway collision by a passenger who was thrown to the floor and suffered traumatic neurasthenia, it is error to admit evidence that some time after she saw other passengers covered with blood, being transferred to the city in a street car, which shock might have contributed to her condition, and heard statements made on the street car, it not being shown that those injured were in the same railway car with the plaintiff and the statements made not being part of the *res gestae* (overruling Id., 67 Wash. 96.)

TRIAL—MISCONDUCT OF COUNSEL—IMPROPER ARGUMENT.   It is error to refuse to require counsel to desist from "improper and inflammable" statements in regard to negligence which was admitted

[1]Reported in 130 Pac. 506.

in the case, and the same may be prejudicial, requiring a new trial, when taken in connection with erroneous evidence admitted, and the fact that the trial judge reduced the verdict as excessive (overruling Id., 67 Wash. 96.)

CROW, C. J., dissents.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 14, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action by a passenger for injuries sustained in a collision. Reversed.

*Cannon, Ferris, Swan & Lally,* for appellant.

*Robertson & Miller,* for respondent.

ON REHEARING.

MOUNT, J.—A rehearing was granted in this case, and it has been reargued to all the judges sitting *en banc.* A fair statement of the facts was made in the original opinion, which may be found in 67 Wash. 96, 120 Pac. 889. The facts need not be restated here.

Upon this rehearing, we have concluded that a new trial must be granted for the errors hereinafter noticed. As stated in the former majority opinion, "appellant did not dispute its negligence; nor did it deny its liability for any injuries which may have resulted to respondent" on account of the collision of the appellant's trains. "The controlling question was the amount of damages to be awarded." The appellant denied that the injury which the respondent received was caused by the collision. In the former opinion, the majority sitting on the first hearing said, in reference to certain photographs which were received in evidence, "We fail to see the materiality of the photograph, or that its admission was prejudicial." We are of the opinion now that this photograph was properly admitted to show the probable force of the impact of the train, because it is a well known fact that a collision which will crush a car is reasonably certain to cause injury to passengers within the car. The force of the

impact, therefore, is a material matter to be considered in determining whether or not the passenger was actually injured upon the car. A photograph taken of the car at the time is competent to show the result of the impact, the same as oral evidence of that fact. *Maynard v. Oregon R. Co.*, 46 Ore. 15, 78 Pac. 983, 68 L. R. A. 477.

We are satisfied, however, that the court erred in admitting in evidence the fact that, after the plaintiff was taken upon a street car, she saw there other passengers who were covered with blood and heard statements made by persons on the street car at that time. It was not shown that these persons were in the same car with plaintiff at the time of her injury, but it is shown that the injured man referred to in that conversation was brought out of the mail car, which was not the car in which the plaintiff was riding at the time of the collision. The statements were made some time after the accident and away from the scene of the accident, where no officer of the company was present. The respondent says: "the conductor said to him;" but by that statement, she plainly meant the conductor upon the street car, as the fact was, and she did not mean the conductor of the train which was wrecked. The conversation, therefore, could not have been a part of the *res gestae.*

The fact that the plaintiff saw persons covered with blood upon the street car, and that the sight of mangled persons might cause a shock which would contribute to the plaintiff's condition, was wholly immaterial and improper, because "mental distress caused by sympathy for another's suffering is not a recoverable element of damages." 8 Am. & Eng. Ency. Law (2d ed.), 64.

"Were the rule otherwise, each passenger in a railroad wreck might claim the right to recover, not only for the distress of mind which arose from his own injuries, but also for that which he sustained from contemplating the mangled condition of his fellow passengers . . ." *Pullman Palace Car Co. v. Trimble*, 8 Tex. Civ. App. 335, 28 S. W. 96.

The plaintiff was entitled to recover for the injuries inflicted upon her by the wreck, but not for that which took place or what she saw or heard upon the street car at some other place. All this evidence was, therefore, erroneously admitted.

We are also satisfied that the closing argument of counsel for the plaintiff, as noted in the majority opinion, was prejudicial, and that the trial court should have required counsel to desist from discussing a question of negligence which was admitted in the case, and should have instructed the jury to disregard it. If that were the only error in the case, we might agree that this was cured by the trial court when a reduction was made in the award of the jury. But when we consider these "improper and inflammable" statements in connection with the erroneous evidence above referred to, and in connection, also, with the fact that the trial court ordered a reduced verdict in the belief that it was excessive, we must conclude that the jury was influenced thereby and prejudiced to such an extent that the appellant did not have a fair trial before an impartial jury, and that a new trial should be granted. It is so ordered.

The judgment is reversed.

PARKER, ELLIS, FULLERTON, GOSE, and MAIN, JJ., concur.

MORRIS, J. (concurring)—I concur in the reversal, but I am still of the opinion, for the reasons expressed in my dissent to the first opinion, that the photographs were improperly received in evidence.

CHADWICK, J., concurs with MORRIS, J.

CROW, C. J. (dissenting)—I dissent. The only question to be determined by the jury was the amount of damages to be awarded to the respondent. As stated in the original opinion:

"The only possible effect of the misconduct of which appellant complains would be upon the amount of damages award-

ed. The trial judge, in the exercise of his discretion, reduced the damages awarded by the jury, and denied the motion for a new trial on condition that respondent consent to such reduction, which she did. The trial judge saw the respondent, knew her condition, heard the evidence and the arguments of counsel, and in the exercise of his judgment and discretion, concluded that the damages for which judgment was finally entered would not be excessive. He corrected any prejudicial effect that may have resulted to appellant either from misconduct of counsel or from rulings on the admissibility of evidence, even though such rulings be regarded as technically erroneous. The only purpose of a new trial in this action would be to fix compensatory damages to which the respondent is entitled. That purpose has already been accomplished, through the medium of the former trial, the verdict of the jury, and the final action of the trial judge."

This being true, I am still of the opinion that the judgment should be affirmed.