### KING v SHELBY (City)

Ohio Appeals, 5th Dist, Richland Co

No 374.   Decided Sept, 1931

A. S. Beach & McBride & Wolfe, Dayton, for plaintiff in error.

Henry P. Huston & F. C. Long, for defendant in error.

LEMERT, J.

Further, the record fails to show that the plaintiff in error had any interest in the cemetery or in Tract No. 3 as a descendant from any of the original grantors, and plaintiff in the court below did not make any claim that he had any rights in this property in reversion.

Sec **4160** of the General Code of Ohio provides:

"The title to and right of possession of public grave-yards and burial grounds located within a city and set apart and dedicated as public graveyards or burial grounds, and grounds used as such by the public but not dedicated, except those owned or under the care of a religious or benevolent society, or an incorporated company or association are hereby vested in the corporation where such grave yard or burial ground is located."

By virtue of the above section the Township Trustees were authorized to deed the cemetery property described in the petition to the City of Shelby.

Sec **4157** of the General Code of Ohio provides as follows:

"Council may prohibit the interment of the deed within the corporate limits, and for the purpose of making such prohibition effective may not only impose proper fines and penalties, but shall also have power to cause any body interred contrary thereto to be taken up and buried without the limits of the corporation."

It is therefore to be noted that the City of Shelby passed Ordinance No. 187 by virtue of the above statute and there seems to be no contention by the plaintiff but that the City had the right and authority to abandon this cemetery.

The General Code of Ohio further provides in §4159:

"When a municipality holds land within its limits which has been used as a cemetery or burial ground and in which interments have been prohibited by such corporation, and it has been decided to remove the bodies interred therein, the council may sell or otherwise dispose thereof, but such sale or transfer shall not operate to give the purchaser possession until the bodies therein interred have been removed and all monuments and tomb stones are removed and re-

erected at the place of re-interment of the remains of such persons respectively."

Under the above section it will be noted that it is necessary to remove the bodies before such conveyance is authorized, and from the testimony developed in the record these steps and procedure taken by the City of Shelby in the removal of the bodies are disclosed. The above section does not provide any method for giving or requiring that notice shall be given to the heirs, relatives and next of kin before the removal of bodies from an abandoned cemetery located within the corporate limits of a municipality.

The above section is to be distinguished from §3465 and 3467 of the General Code in that the latter two sections which relate to township cemeteries and private cemeteries specifically provide that notice must be given. We believe that it would be judicial legislation and not within the province of a court to require notice in view of the fact that the legislature specifically omitted that provision in §4159, while in §3465 and 3467 of the General Code notice is specifically required.

However, in the instant case the record discloses the fact that notice was given, there being no prescribed form or method, the record shows that the City of Shelby did notify the public at large, the heirs and next of kin by publication in the Shelby Globe, a daily paper of general circulation in the city of Shelby, as shown by Plaintiff's exhibit 1. The testimony further discloses the fact that Mr. King, plaintiff, was a subscriber and received the issues of the Shelby Globe at his residence near the city of Shelby; that the first notice of publication in the Shelby Globe was on December 26, 1928. We believe it clearly appears from the whole of the record that the plaintiff had notice of the intention of the City of Shelby to abandon this cemetery and of their intention to remove the bodies therefrom.

Plaintiff in the court below contended that by reason of the fact that his mother's body was removed he suffered mental anguish and was damaged in the sum of Three Thousand Dollars.

We believe it to be the law which should govern this case that the plaintiff is not entitled to damages for mental suffering unaccompanied by physical injury unless the testimony discloses such facts as to indicate that the injury or wrong must be of such a character and done under such circumstances as to furnish a right of action against the wrong doer for damages.

The record fails to disclose, neither is there any testimony to show any privity of contract between the plaintiff and City of Shelby, or that any insults or discriminations were inflicted on plaintiff, or that he suffered any loss of social position or standing in the community, or that there was any intentional, wilful, wanton or malicious act done to injure plaintiff.

**Ohio Juris Prudence, Vol 13, page 163, §80, states:**

"Ohio Courts are clearly opposed to recovery of damages for mental anguish or suffering unattended by physical injury."

Many Ohio cases might be cited in support of this proposition, among which would be found **78 Oh St 309, 23 Oh Ap 493, 3 O. C. C. (NS) 369.**

Damages in such cases if found largely upon the fact that the extent of injury, and indeed the very existence of any injury must be speculative and conjectural. Damages in such cases are too remote, uncertain and speculative.

We have carefully noted the charge of the trial court in this case and we find that the court plainly, clearly and explicitly charged the jury upon the issues and the law pertaining to the case and we believe the court allowed a wide latitude for the jury to guess from the uncertain mass of testimony as to the amount that plaintiff in error might be entitled to by way of damages. We note on page 96 of the court's charge wherein he says:

"If you find in his favor, the plaintiff will be entitled to recover damages in whatever sum or amount you think in your good judgment he is fairly and reasonably entitled to on account of mental anguish and suffering, if any, which you find upon the evidence the plaintiff has suffered, as the true, proximate and mental result of the injury complained of."

The jury having found by their verdict that the plaintiff in error was not injured and had not suffered any mental anguish, we are not enclined to disturb their finding or verdict. It therefore follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ and MONTGOMERY, J, concur.