BROWNLEE, APPELLEE, *v.* PRATT, APPELLANT.

(No. 512—Decided January 21, 1946.)

*Messrs. Young & Young,* for appellee.
*Messrs. Carpenter & Freeman,* for appellant.

CONN, J. This case is here on appeal from the Court of Common Pleas of Huron county on questions of law by defendant, Elsie Hume Case Pratt, and on questions of law and also law and fact by plaintiff, Bertha Case Brownlee, and the parties will be referred to as they appeared in the trial court.

From the issues raised by the pleadings and from the character of the relief sought, it appears that this proceeding is one in chancery and is appealable on questions of law and fact. The paramount relief being equitable, it follows that the appeal on questions of law and fact invokes the chancery jurisdiction of this

court and the issues raised are triable *de novo*. The appeal on questions of law by each party is dismissed.

On motion of defendant, the Common Pleas Court required plaintiff to separately state and number her causes of action. The case went to trial on plaintiff's second amended petition which contains three causes of action. However, no specific relief is prayed for on the first and second causes of action. It is our opinion that only one cause of action is pleaded in plaintiff's second amended petition; that the prayer for a mandatory injunction is the dominant relief sought; and that the issue of damages and prayer therefor are incidental to the equitable remedy prayed for by plaintiff.

The material allegations in plaintiff's second amended petition, briefly stated, are as follows:

Francis B. Case, father of plaintiff, died testate in 1921, leaving his widow, the defendant, and his only child and heir at law, the plaintiff. Defendant was appointed executrix pursuant to decedent's will and was to act in a fiduciary capacity toward plaintiff. Defendant accepted the trust. She, as such fiduciary, was authorized in the will to secure the highest rent obtainable from property known as the Case Block and pay same to plaintiff on the first day of each calendar month and, in addition thereto, pay an annuity to plaintiff from the income of property other than the Case Block. Defendant intentionally and maliciously and with the purpose and intention of causing plaintiff mental suffering, damage and injury disregarded the duties as such fiduciary. Defendant refused to deliver to plaintiff, among other things, the Bible of plaintiff's mother and a picture of plaintiff's grandmother and the conduct of defendant in this regard was arbitrary and malicious. On or about November 4, 1941, defendant entered into the burial vault of plaintiff's father and mother, and placed

therein the body of defendant's second husband, in total disregard and in defiance of the rights of plaintiff. Defendant caused physical changes to be made in the burial vault, for the purpose of bringing therein the body of her second husband, and she has persistently continued in her course of conduct.

Plaintiff prays for a judgment against the defendant in the sum of $50,000, a mandatory injunction against defendant ordering her to remove the body of her second husband from the burial vault, and all other relief.

In defendant's answer, she admits, among other things, that she has in her possession the Bible and picture claimed by plaintiff, but avers that the Bible was presented to her by Francis B. Case and that no claim for the picture had been made by plaintiff prior to the commencement of this action. Defendant admits further that she placed for burial the body of her second husband in the Francis B. Case burial vault. The answer of defendant contains a general denial and further affirmative averments that shortly after the probate of the will of Francis B. Case, plaintiff commenced two actions against defendant and others to determine the rights and interests of the parties in and to the property of such decedent; and that subsequently, on April 7, 1923, the cases were fully settled by stipulations providing for mutual releases and that each of the parties should have at all times access to the Case burial lot and vault and the right to be buried therein. There are further allegations respecting the manner in which defendant managed the property of the estate, respecting the extensive repairs to the burial vault, and respecting the full performance of her duties by defendant.

No reply was filed to the answer of defendant, but the case has been presented as if all affirmative allegations in the answer had been denied by plaintiff.

A jury was impaneled in the Court of Common Pleas and at the conclusion of plaintiff's evidence, on motions of defendant, the court withdrew from the consideration of the jury the first and second causes of action and overruled defendant's motion for a directed verdict on the third cause of action. The jury returned a verdict for plaintiff on the third cause of action and assessed plaintiff's damages at $8,000.

The Court of Common Pleas refused to grant a mandatory injunction for the removal of the body of defendant's second husband from the Case burial vault and dismissed the petition and prayer for such relief.

The answer of defendant admits that the body of defendant's second husband was placed in the Case burial vault, and the evidence discloses that this was done without the knowledge or consent of the plaintiff. It further appears from the evidence that the mother of plaintiff died in 1883, the burial vault was constructed the same year and the body of plaintiff's mother was placed therein for burial. Plaintiff testified that her father built the vault for "my father, mother and myself."

It further appears from the record that Francis B. Case and the defendant were married in 1892; that he died in September 1921; and that his body was placed in the Case vault for burial. To accomplish the latter some changes had to be made on the inside of the vault by reason of the size of the casket. At the same time, needful repairs and structural changes in the upper part of the vault and roof were made, the cost of such repairs and remodelling being paid by defendant. All this was done without consulting the plaintiff.

The defendant testified that there were only three places for burial in the Case vault as originally constructed; that after the body of Francis B. Case was

placed in the vault there was only one place remaining; and that after the remodelling was completed there was room for an additional crypt.

In 1928, the defendant married Worthing C. Pratt, who passed away November 1, 1941, leaving defendant as surviving spouse. By defendant's direction, the body of her second husband was placed in the Case burial vault for burial in a crypt over and above the crypts of plaintiff's father and mother. Slight alterations in the vault were necessary to place the casket therein. Defendant caused the name, ''W. C. Pratt,'' to be engraved on the front of the vault in large letters and above the name, ''Case,'' previously engraved thereon. Plaintiff testified that she, upon discovering what defendant had done, became ill and was shocked.

It further appears from the evidence that plaintiff notified defendant to remove the body of her second husband from the Case burial vault, which she refused to do; that there was ill feeling of long standing between the parties; and that plaintiff had a desire to be reconciled to the defendant, but defendant voluntarily chose to continue the strained relationship.

However, in this kind of action, the right of recovery is not predicated alone upon the ground of malice and it is not necessary to show actual malice. It is sufficient if it appears that the act complained of was a gross, wanton, reckless or intentional disregard of the rights of the plaintiff.

It is well settled that a court of equity will exercise its jurisdiction to secure to any person the right to discharge a duty which he owes to the dead by reason of his relationship to such deceased.

The policy of the law to protect the dead and preserve the sanctity of the grave comes down to us from ancient times, having its more immediate origin in the ecclesiastical law. This salutary rule recog-

nizes the tender sentiments uniformly found in the hearts of men, the natural desire that there be repose and reverence for the dead, and the sanctity of the sepulcher.

Defendant claims she had consulted an attorney before she adopted the course of action of which plaintiff complains. However, even if the record does disclose that defendant had acted in good faith in giving her attorney a full and fair statement of all the facts and obtained his advice and counsel in relation thereto, such defense could not defeat the claim of plaintiff in this action. The acts and things done by defendant, and of which plaintiff complains, are in themselves wrongful; and for them there is no cloak and against them there is no shield.

However, advice of counsel may be shown in mitigation of exemplary or vindictive damages, and, where malice is an essential element, the fact that defendant acted in good faith upon advice of counsel may be a good defense. 13 Ohio Jurisprudence, 203, Section 112; 15 American Jurisprudence, 612, Section 195.

On the record before us, it appears that plaintiff does not have a full and adequate remedy at law, and that she is entitled to injunctive relief as prayed for. 16 Ohio Jurisprudence, 197, Section 85; *Fraser* v. *Lee,* 8 Ohio App., 235, and authorities cited; 15 American Jurisprudence, 855, Section 36; 25 Corpus Juris Secundum, 1031, Section 9; 21 A. L. R., 651.

The issue of damages, the basis of recovery and the amount of damages, if any, have received much attention.

In this state, the general rule is recognized, that damages cannot be recovered for mental pain and anguish alone, unaccompanied by contemporaneous physical injury. The reason for the rule is that in such cases damages are too speculative and remote. 13 Ohio

Jurisprudence, 164, Section 81; *Miller* v. *B. & O. South-western Rd. Co.*, 78 Ohio St., 309, 85 N. E., 499, 125 Am. St. Rep., 699, 18 L. R. A., (N. S.), 949; *Davis* v. *Cleveland Ry. Co.*, 135 Ohio St., 401, 21 N. E. (2d), 169.

However, where the act complained of is not only wrongful but was done intentionally and wilfully, mental suffering and anguish resulting proximately therefrom are recognized elements of damage and may be considered in determining the amount of recovery. 13 Ohio Jurisprudence, 168, Section 84; *Cincinnati Northern Traction Co.* v. *Rosnagle*, 84 Ohio St., 310, 95 N. E., 884, 35 L. R. A. (N. S.), 1030, Ann. Cas. 1912C, 639.

The rule under consideration was recognized in the cases of *M. J. Rose Co.* v. *Lowery*, 33 Ohio App., 488, 169 N. E., 716; *Koontz* v. *Keller, Admx.*, 52 Ohio App., 265, 3 N. E. (2d), 694. See, also, 15 American Jurisprudence, 603, Section 185; 25 Corpus Juris Secundum, 550, Section 64.

This rule has application where there is a wilful and intentional invasion of the right of burial of the dead. 25 Corpus Juris Secundum, 1029, Section 8; 15 American Jurisprudence, 852, 853, Sections 34 and 35.

In the instant case, it was clearly shown by the evidence that plaintiff's right of burial of the dead was transgressed by the intentional and wrongful acts of defendant, *i. e.*, the continuing trespass and acts of indignity committed by her in and upon the place of burial of plaintiff's parents.

Plaintiff may recover from defendant damages in an amount that will reasonably compensate plaintiff for the mental pain and anguish suffered and for the indignity felt and borne by her as the proximate results of the acts complained of.

On the issues joined, plaintiff is entitled to a mandatory injunction against defendant for the removal of

540

the body of her second husband from the Case burial vault and for the removal of the name, "W. C. Pratt," therefrom; plaintiff is entitled to recover from the defendant damages in the sum of twenty-five hundred ($2,500) dollars; and defendant is to pay costs.

*Decree and judgment accordingly.*

STUART and JACKSON, JJ., concur.

JACKSON, J., of the Third Appellate District, sitting by designation in the Sixth Appellate District.