**Decided June 11, 1984**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

| | | |
|---|---|---|
| PRISCILLA W. ROGOLIFOI, by her guardian ad litem STEVE ROGOLIFOI, and STEVE ROGOLIFOI INDIVIDUALLY, | ) ) ) ) ) | CIVIL ACTION NO. 83-309 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| HUBERTO A. TAISACAN, | ) ) | |
| Defendant. | ) ) | |

Plaintiffs' second cause of action in the complaint alleges in substance that he is the father of a seven year old daughter who was physically and sexually assaulted by the defendant. As a result, the plaintiff alleges he suffered anguish, pain, and grief and claims compensatory and punitive damages. There are no allegations that the plaintiff saw the assault, as to when he found out about it, or if bodily harm occurred to the plaintiff.

The defendant, pursuant to Com.R.Civ.P. 12, asks for judgment on the pleadings since, it is asserted, the plaintiff has failed to state facts sufficient to constitute a cause of action.

The crux of this motion is the extent, if any, the court is to expand §46 of the Restatement of the Law, Torts 2d which reads:

§46. Outrageous Conduct Causing Severe Distress.

(1.) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes emotional distress

(a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or

(b) to any other person who is present at the time, if such distress results in bodily harm.

This court is obligated to observe and follow the "... restatements of the law approved by the American Law Institute and, to the extent not so expressed, as generally understood and applied in the United States...." 7 CMC §3401.

Focusing on §46(2)(a), it is also clear, that under its specific provisions the plaintiff cannot recover since he was not present at the time of the assault on his daughter.

However, plaintiff points to the caveat to §46 which reads:

"Caveat:

The Institute expresses no opinion as to whether there may not be other circumstances

1020

> under which the actor may be subject to
> liability for the intentional or reckless
> infliction of emotional distress."

It is urged that since this is an expanding area of the law the court should allow the second cause of action nothwithstanding the absence of any perception of the event by the plaintiff. Plaintiff cites no cases where a father (or other member of the immediate family) has recovered under similar circumstances and the court has found no such cases. The plaintiff has cited cases which: (a) involved an unauthorized autopsy Scarpaci v Milwaukee County, 292 N.W. 2d 816 (Wis. 1980); (b) the removal or hiding of a corpse Meagher v Driscoll, 99 Mass. 281 (1868); Renihan v Wright, 125 Ind. 536, 25 N.E. 822 (1890) and; (c) the unauthorized exhibition of a picture of a deformed child Douglas v Stokes, 149 Ken. 506, 149 S.W. 849 (1912).

Additionally, the plaintiff has cited the dissenting opinion in Elza v Liberty Loan Corp., 426 N.E. 2d 1302 (Ind. 1981). Elza is of no assistance since that involved a collection agent physically assaulting the husband and father of the plaintiffs, in their presence. In such a case, the application of §46(2)(a) would appear to be proper.

Both the plaintiff and defendant have discussed various California cases which have extended the cause of action to the members of the immediate family who arrive upon the scene of

an accident within moments or a few minutes after it occurs (Cf. Dillon v Legg, 68 Cal 2d 728, 69 Cal Rptr. 72, 441 P.2d 912 (1968) with Archibald v Braverman, 275 Cal.App. 253, 79 Cal Rptr. 723 (1969), and Nevels v Yeager, 199 Cal Rptr. 300 (1984).

Plaintiff points out that all of these cases deal with negligent torts and not intentional torts and if the latter are the more outrageous acts then leeway should be given by the court in interpreting §46 of the Restatement.

The court declines the invitation to bend or expand §46 of the Restatement to the point of recognizing plaintiff's claim. Certainly plaintiff has a valid point when he states it is natural for a father to become upset to the point of severe emotional distress once he finds out his seven year old daughter has been sexually assaulted. However, this alone does not give him a cause of action under the law as stated in the Restatement and that which has been cited to the court.[*]

---

[*] Indeed, according to Prosser, Torts 4th Ed. at page 61 (Footnote 31) there is no recorded case allowing recovery where the plaintiff was not present at the time the intentional tort occurred. According to the footnote, the cases that come closest to this matter would be Koontz v Keller, 1939, 52 Ohio App. 265, 3 N.E. 2d 694 (discovery of body of murdered sister; Ellsworth v Massacar, 1921, 215 Mich. 511, 184 N.W. 408 (later discovery of attack on husband); and Knox v Allen, 1926 4 La.App. 223 (later discovery of attack on child). All plaintiffs were denied recovery.

It appears to the court that the reasoning enunciated in Madigan v City of Santa Ana, 145 Cal.App. 3d 607, 193 Cal.Rptr. 593 (1983) is the proper approach.  Madigan held, inter alia, that there must be a showing of some sensory perception, be it by sight, hearing- or otherwise of the actual event causing injury to the plaintiff's family members.  "To expand (these) clear requirements ... would without question begin a "first excursion into the fantastic realm of infinite liability" ..." 145 Cal.App. 3d at 612.  Accord Powers v Sissoev, 39 Cal.App. 3d 865, 114 Cal.Rptr. 868 (1974); Arauz v Gerhardt, 68 Cal.App. 3d 937 , 137 Cal.Rptr. 619 (1977); Krouse v Graham, 19 Cal.App. 3d 59, 137 Cal.Rptr. 863, 562 p.2d 1022 (1977)

To accede to the position advocated by the plaintiff would open the litigation floodgates to a civil claim everytime a homicide, rape or battery of a family member occurs even though the plaintiff may be thousands of miles away at the time the plaintiff learns of the event.

The court finds Section 46 of the Restatement to be dispositive of this matter.  The court can find no authority to alter or expand the rule to say that the rule is now "generally understood and applied in the United States" as the plaintiff advocates.  7 CMC §3401.

Motion for Judgment on the Pleadings is granted and the Second Cause of Action of the complaint is hereby dismissed. Trial will proceed on the First Cause of Action only.

Dated at Saipan, CM, this 11th day of June, 1984.

_____
Robert A. Hefner, Chief Judge