HAILE'S CURATOR v. TEXAS & P. RY. CO.

(Circuit Court of Appeals, Fifth Circuit. January 23, 1894.)

No. 167.

COMMON CARRIERS OF PASSENGERS—NEGLIGENCE—INSANITY.

Where a passenger on a railroad train receives no bodily injury from an accident caused by the company's negligence, but is made insane by the excitement, hardship, and suffering resulting therefrom, the company is not liable in damages therefor, since insanity is not a probable or ordinary result of exposure to a railroad accident.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Action by the curator of James T. Haile, a lunatic, against the Texas & Pacific Railway Company, for injuries to plaintiff's ward. Defendant obtained judgment on exceptions to the petition.   Plaintiff brings error.

In his petition the plaintiff in error (also plaintiff in the lower court) avers: That on or about January 29, 1892, in company with James T. Haile, his ward, he took passage on the passenger train of the defendant company, at Dallas, Tex., and paid fare, and provided tickets, for himself and his brother, to Baton Rouge, La., in consideration of which fare the said company contracted and bound itself to convey them safely, and without delay and harm, to such destination. "That this trip was undertaken under directions of a physician, who advised that rest, quiet, and change of scene would restore to full vigor of mind and body the said James T. Haile, who had for some time previous been suffering from an attack of grippe, and was at this time, and in consequence thereof, greatly depressed, mentally and physically, and in an intense nervous condition. That the greater part of said journey had been accomplished in safety, and without any bad effect upon the said James T. Haile, until on the next day, January 30, 1892, about 8 a. m., when near the town of Robeline, La., the said train was suddenly, and without warning, precipitated through a burning bridge, and was completely wrecked, and immediately after caught fire and was destroyed. That the shock from the accident was so great that it hurled said James T. Haile from his seat to the floor, where he lay utterly helpless and prostrated by the shock, and unable to move. The train having in the mean time caught fire, petitioner was forced to carry his brother out of the car, and, on account of the marshy condition of the surrounding country, and his nervous and prostrated condition, to place him on the roadbed, where he was in full view of the burning wreck, and in the midst of the wounded and dying, whose cries and lamentations, added to his already intense nervous state, caused by the accident itself, threw him into a state of excitement, so that petitioner, and those around him, were unable to control or quiet him. That his nervous state became greatly worse during the several hours they were forced to wait on the scene of the wreck for conveyance to the town of Robeline, where they were to wait for the relief train to be sent out by the railroad company. After a further delay of some hours, the relief train arrived, consisting, as petitioner afterwards found, of what is known as an 'emigrant

[1] 6 C. C. A. 403.

coach,' drawn by a freight engine. The coach was overcrowded with passengers from the wrecked train. The seats and other accommodations were of the crudest kind, entailing great discomfort and inconvenience upon the passengers, and especially upon petitioner's ward, who, in his exhausted, excited, and overwrought state of mind and body, was forced to use same. That the hardships, together with the constant and sudden jerkings and stoppings of the train, caused by the engine used not being properly constructed for such purposes, or because it was improperly handled, kept petitioner's ward and the passengers in constant fear and excitement; and finally, on entering the company's yard in Algiers, La., the train on which was petitioner and his ward was suddenly and violently run into from the rear by a switch engine, through the negligence of defendant's employes. The shock was so violent as to knock petitioner's ward off the seat, to the car floor, and caused great excitement among the passengers, who feared another accident had befallen them. Now, petitioner alleges that since this time his ward has become rapidly worse, as a result of the shock, excitement, and hardship he suffered from the said accident, and he is now insane, and confined in a bettering house, with little or no hope of recovery; and he has therefore been interdicted, and petitioner duly appointed his curator. Petitioner therefore alleges and charges that the present state of his ward's mind was causd and brought about by the injuries and sufferings he underwent on account of the accidents and hardships aforesaid; and he alleges that the said accidents and injuries were caused by the negligence of the defendant company, its employes and agents, for the reason that, by the exercise of due care and caution in the management of its road and the selection of agents, the said accidents could have been avoided. That the said road employed no track walkers to guard against such accidents, and to see that the road was in proper condition, and safe for travelers on the company's trains, as it was in duty bound to do. And by reason of the fact that this section of the road was made up of wooden trestlework, which needed constant vigilance and care to keep it in safe condition, the burning of this bridge for hours before the accident was evidence of gross negligence on the part of the company. That the train to which the accident happened was running at a rate of speed that was dangerous and negligent, considering the character of the roadbed, and the fact that a dense fog obscured the view of the trainmen. For these reasons, and for the conduct of the company and its agents in the careless transportation of petitioner and his ward, the said company is chargeable with gross negligence. Petitioner alleges and avers that for the pain, anxiety, and loss of his mind, the expense he has incurred, and in the future must incur, petitioner's ward has been damaged in the sum of twenty-five thousand dollars by the said company." The defendant company, also defendant in error, excepted or demurred to the petition on the following grounds: "Because said petition. on its face, shows no cause of action against defendant. Because, under the law, no right of action can arise for damages for the insanity of a human being. Because said petition does not show any right to recover damages for insanity. Wherefore, defendant prays that these exceptions may be maintained. and plaintiff's suit dismissed, with costs." The exceptions were sustained by the lower court, and judgment was rendered dismissing the suit. This ruling is assigned as error.

W. B. Spencer and Charles Payne Fenner, for plaintiff in error.
W. W. Howe and S. S. Prentiss, for defendant in error.

Before McCORMICK, Circuit Judge, and LOCKE and TOULMIN, District Judges.

TOULMIN, District Judge (after stating the case as above). The first and third grounds of exception to the petition are, in effect, the same, and if they are well taken the judgment of the court below must be affirmed. The plaintiff claims damages for the pain, anxiety, and loss of mind alleged to have been suffered by his ward,

James T. Haile, and avers that this state of said Haile's mind, which is now one of insanity, "was caused and brought about by the injuries and sufferings he underwent on account of the accidents and hardships" complained of. He avers that the shock of the accident was so great as to hurl Haile from his seat to the floor of the car, where he lay prostrated by the shock. A shock is a sudden agitation of body or mind. It may affect the body or mind. The petition avers that Haile lay helpless and prostrated, but whether from a bodily or mental shock is left somewhat uncertain by the averments of the petition. The shock averred may reasonably be construed to mean the one or the other. But there is no charge that any bodily injury was sustained by the shock, and no claim for damages for any such injury. The charge is that Haile's insanity was caused and brought about by the injuries and sufferings he underwent on account of the accidents and hardships complained of; and the claim for damages is for the pain, anxiety, and loss of his mind, and the expenses incurred and to be incurred incidental thereto. The learned counsel for the plaintiff concedes "that pain and anxiety of mind the law cannot value, and does not pretend to redress, when the unlawful act complained of causes that alone." They say that the plaintiff, in this case, is not seeking to recover for the mental pain or anxiety of his ward, but for his insanity,—the loss of his mind,—and they present to the court an able argument to show that "the two are entirely separate and distinct phenomena." They contend that insanity is not to be "placed in the same category with such trivial mental phenomena as mere anxiety and worry." They say, "It is a disease of the mind, and the law could as well weigh and determine the damage a man has suffered by the loss of his mind as it could the loss of his leg, or of the power of sight," etc. It is not necessary for us to decide the question raised by this contention, which is whether, under the law, any right of action can arise for damages for the insanity of a human being. The question we are called on now to decide is whether the facts set forth in the petition show any right to recover damages for insanity, as is therein claimed. That question we will proceed to consider.

The negligence of defendant, as charged, being admitted by the exceptions, the question is, was that negligence the proximate cause of the injury complained of? It is well settled that the damages sustained by a wrongful act must be the natural result of the act,—such a consequence as, in the ordinary course of things, would flow from it. As expressed by some of the authorities, "Proximate damages are those that are the ordinary and natural results of the negligence, such as are usual, and might therefore have been expected." "Remote damages are such as are the result of an accidental or unusual combination of circumstances, which would not be reasonably anticipated, and over which the negligent party had no control." Ewing v. Railroad Co. (Pa. Sup.) 23 Atl. 340; Commissioners v. Coultas, L. R. 13 App. Cas. 222; Cooley, Torts, 69; 2 Thomp. Neg. 1083. The contention is that the insanity for which damages are claimed was caused by the excitement, hardship, and suffer-

ing which resulted from the accident. According to the great current of modern medical authorities, insanity is a disease,—a disease of the mind,—the existence of which is a question of fact, to be proved, just as much as the possible existence of any other disease. As said by Dillon, C. J., in Felter's Case, 25 Iowa, 68, "That insanity is the existence of mental disease, both medicine and law now recognize." While the defendant, as a common carrier, had reason to anticipate that an accident would cause physical injury, and would produce fright and excitement, it had no reason to anticipate that the latter would result in permanent injury, as a disease of the mind, or any other disease that might be caused by excitement, exposure, and hardship sometimes incident to travel. If the disease was not likely to result from the accident, and was not one which the defendant could have reasonably foreseen, in the light of the attending circumstances, then the accident was not the proximate cause. The defendant had no reason to anticipate that the result of an accident on its road would so operate on Haile's mind as to produce disease,—the disease of insanity,—any more than that the exposure and hardships he suffered would produce grippe, pneumonia, or any other disease. He sustained no bodily injury by the accident, so far as the petition shows; but it caused a shock and an excitement, which, under his peculiar mental and physical condition at the time, resulted in his insanity. The defendant owed him the duty to carry him safely,—not to injure his person by force or violence. It owed him no duty to protect him from fright, excitement, or from any hardship that he might subsequently suffer because of the unfortunate accident. The case of Scheffer v. Railroad Co., 105 U. S. 249, was where, by reason of a collision of railway trains, a passenger was injured; and, becoming thereby disordered in mind and body, he, some eight months thereafter, committed suicide. The court held, in a suit by his personal representative against the railroad company, that, as his own act was the proximate cause of his death, there could be no recovery. In the opinion the court said:

"The suicide of Schaffer was not the result naturally and reasonably to be expected from the injury received on the train. * * * His insanity, as a cause of his final destruction, was as little the natural or probable result of the negligence of the railway officials as his suicide, and each of these are casual or unexpected causes intervening between the act which injured him and his death."

There was no error in the ruling of the circuit court, and the judgment is affirmed.