## DAMAGES FOR INJURIES RESULTING IN INCURABLE INSANITY.

Superior Court of Cincinnati.

ABE L. DERNHAM, GUARDIAN, v. THE CINCINNATI TRACTION CO.

Decided, March 1, 1919.

*Compensation for Injuries—May Cover Expenses Voluntarily Provided for by Another in Advance of Suit—Causing Insanity not a Ground for Damages Beyond Charges for Proper Maintenance—Province of the Jury with Reference to an Award for Pain and Suffering.*

1. In an action for damages for personal injuries, brought by a guardian on behalf of his ward, a ruling to the effect that expenses resulting from the injury and which had been voluntarily paid by the guardian in his individual capacity as brother of his ward could not be recovered from the defendant is erroneous, but the error may be corrected by overruling plaintiff's motion for a new trial on condition that the defendant consent to an increase in the verdict by a sum equal to the amount of such expenses as claimed in the petition, the presumption being that plaintiff could have proved the full amount of the expenses claimed to have been incurred had he been permitted so to do.

2. Compensatory damages for injuries, not willfully inflicted, which have resulted in hopeless insanity with no periods of lucidity which would permit the victim to appreciate or enjoy the fact of ownership and control of money and its purchasing power, should be in an amount sufficient to provide the victim with the necessities of life together with such luxuries as she is still able to enjoy, but should not include any award for pain, suffering or mental anguish, or for causing the insanity, as such.

*Victor Abraham* and *Thos. L. Michie,* for the motion.
*H. K. Rogers,* contra.

HICKENLOOPER, J.

Heard on motion for a new trial.

Plaintiff's ward in the above entitled case was injured by the derailment of one of the defendant's cars upon which such ward was a passenger.

It was alleged in the petition, and proof was offered to sustain the allegations, that the physical injuries received by the plaintiff's ward, especially the fright and horror which attended

the receipt of these physical injuries, resulted in causing such ward to become insane requiring her incarnation in a sanatorium.

The trial resulted in a verdict on behalf of the plaintiff for $6,350. A motion is now made by the plaintiff that this verdict be set aside and a new trial granted for the reason that the sum is inadequate and for errors alleged to have been committed in the charge of the court.

Two grounds are especially urged by the plaintiff as constituting error in the charge of the court and in the exclusion of evidence. It appeared without dispute that all expenses of the plaintiff's ward's illness prior to the appointment of the plaintiff as guardian were voluntarily defrayed by the plaintiff and without creating any legal obligation upon the part of his ward and sister to reimburse him. The court, upon the motion of the defendant, ruled that such voluntary payments by the plaintiff as brother of his now ward, and not as her guardian, could not be recovered in this action. In so ruling the court clearly committed error under the rule laid down by the cases of *Klein* v. *Thompson*, 19 O. S. 569, 572, and *Ohliger* v. *City of Toledo*, 20 C. C. 142, 160.

The error on the part of the court is, however, susceptible of correction at the present time, at least as far as prejudicial effect upon the amount of the verdict is concerned, provided the defendant consents thereto. In other words, if the granting of a new trial upon this motion be made conditional upon the defendant refusing to file herein a written consent to the increase of the verdict in the total amount claimed in plaintiff's petition as constituting the expenses so incurred and paid, the plaintiff will either secure a new trial or, if the defendant consents to such increase, no prejudice will result from the ruling of the court since the plaintiff could in no event recover for such expenses in excess of the maximum claim therefor in his petition. Nor can such increase be less than such maximum since there would be no obligation upon the part of the plaintiff to prove the entire amount of such damages after the court had declared its position by ruling upon several items of such expenses. It must therefore be presumed that the plaintiff could have proved the full amount of the damages claimed or a new trial granted. This

question will be again referred to in the concluding paragraph of this opinion.

A further ground for a new trial which is strongly urged is that the charge of the court limited damages, in case the jury found that the plaintiff's ward was incurably and hopelessly insane, that is, would never have periods of such lucidity of mind as to be able to appreciate the fact of ownership and control of money, or its purchasing power, or to derive enjoyment from such ownership or control of money, to such sum as would provide the plaintiff's ward with the necessaries of life and even the luxuries which she could still enjoy. In other words, in case of such incurable insanity as above defined, the damages were to be limited to such as would maintain the plaintiff's ward in comfort for the remainder of her life and provide for her all pleasures and luxuries which she could appreciate.

It must be assumed at the inception of our consideration of this subject that the jury found the plaintiff's ward to be so hopelessly and incurably insane, for otherwise the charge upon such point could not have operated to her prejudice in the amount of the verdict. We come, therefore, to the consideration of whether the jury may allow damages ''for causing insanity,'' as such, in addition to the expenses of maintenance, where the beneficiary of such award is not now and never would be able to comprehend the fact of possession, to enjoy the results of such ownership or to derive any benefit, in mind or body, from such an award. This leads us directly to a consideration of the nature of compensatory damages.

We are not unaware of the opinions entertained by some eminent legal authorities to the effect that compensation can properly include a sum awarded for the purpose of punishment and its deterring effect upon the commission of similar torts in the future. But the law is well established in this state that in a case of negligence, such as this, compensatory and compensatory damages only may be awarded; nor can such compensatory damages in Ohio include any award as punitive damages, unless express malice, hatred or ill-will is shown. We revert therefore to a consideration of just what may be included within the term compensation.

It is ordinarily permitted that a jury may award a money judgment as compensation for pain and suffering and for causing injury as such, and the assessment of such damages is a matter solely for the determination of the jury because there is no standard by which pain or suffering or physical injury may be measured. Such pain and suffering is not susceptible of exact valuation and the court therefore treats the award of such damages as peculiarly within the province of the jury. But in the last analysis it is evident that money does not and can not compensate for pain or suffering or physical injury. An award of money damages can in no sense make the plaintiff whole, nor undo the suffering which has been undergone. Money can in no sense be considered an equivalent for pain and suffering.

The theory of money compensation for pain and suffering and physical injury must therefore be founded upon the fact that a money judgment operates to afford the plaintiff feelings of satisfaction, pleasure or gratification which, in the eyes of the law, will operate to offset the pain which has been undergone. In other words, the possession, control, ownership and purchasing power of money is deemed to afford the plaintiff the power of gratifying other desires and of pursuing happiness, and of resulting in feelings of contentment or of an otherwise pleasurable nature. It is this feeling of contentment and this power of satisfying desires or securing pleasure which, in the nature of things, can constitute the only compensation of a money judgment. Money, as such, is not, and can not constitute, such compensation in the real sense of the word. Further, it is this balance which the jury is presumed to strike, the balance between the pleasures and happiness to be derived from the ownership, possession, control and purchasing power of money, and the non-pleasurable sensations of pain, suffering and physical injury. If therefore we assume, in a case of negligence where compensation only can be awarded, that the plaintiff is found by the jury absolutely and forever to lack any ability to appreciate either the fact of ownership, possession and control of money, or the pleasures which are to be derived therefrom, and we further presume that an award has been made covering all expenses of illness and comforts for the remainder of the plaintiff's life, it is

impossible for the court to conceive why the jury should be permitted in assessing damages, that is in striking the balance above mentioned, to include any sum for pain or suffering, or causing insanity as such, for the reason that no true compensation could be derived from such an award.

It is further to be remarked that in the event such an award were made, as we have just been discussing, to that amount the judgment would redound solely to the benefit of the plaintiff's next of kin. Presumably it would be held intact and accumulate until the plaintiff's death when it would pass to her next of kin. This presumption is founded upon the fact that the award permitted by the court and made by the jury must be held to include all expenses and comforts for the plaintiff for the remainder of her life, thus making it absolutely unnecessary to draw upon any sum which might be allowed for pain or suffering. ''Compensation'' therefore would not in any way benefit the plaintiff, assuming her to be incurably insane, but would benefit only her next of kin who are not entitled to recover.

For the above reasons the court feels that counsel for the plaintiff have no just cause for complaint. It is even to be doubted whether the charge was not too favorable to the plaintiff under the theory of the cases of *Scheffer* v. *Railroad Co.*, 105 U. S. 249, and *Haile's Curator* v. *Texas & Pacific Railroad Co.*, 60 Fed. 557 (C.C.A.) in which it is held that insanity is too remote to be considered the subject of damage in a negligence case, upon the principle that the defendant can be held liable only for the probable results of his negligence.

Upon the first ground discussed in this opinion it is therefore held that unless the defendant file in this cause, within ten days, its written consent to an increase in the amount of this verdict, and the judgment to be rendered thereon, in the sum of $3,000, thus bringing such verdict to the sum of $9,350, a new trial will be granted, otherwise the motion for a new trial will be overruled.