Zimmerman, J.
 

 Should the judgment for the defendant herein-stand?
 

 There is general agreement among the authorities that mere fright, unaccompanied or followed by physical injury, does not form the basis for a cause of action. But the cases are in hopeless conflict as to whether there is a right of recovery for physical injury, disability, or illness resulting from fright caused by a negligent act. Probably no question connected with the law of negligence has given rise to so much difference of opinion.
 

 Those courts which deny recovery give one or more
 
 *404
 
 of the following reasons for their decisions: (1) Since there can he no recovery for fright alone, there can be none for the consequences of fright. (2) Physical injury flowing from fright caused by negligence cannot be said to be the proximate result of the negligence. (3) Public policy or expediency inhibits' recovery, because of the danger of inviting fictitious litigation and because of the impossibility of estimating damages with any degree of certainty.
 

 On the other hand, many of the text book authors, the writers on legal subjects and a number of the courts uphold generally the right of an individual to recover for the consequences of fright caused by negligence. They point out that when physical injury or illness' follows genuine fright due to another’s tortious conduct, the tort and not the fright is the foundation of the cause of action, the fright being simply a link in the chain of causation.
 

 The objection that the physical injury or illness cannot be regarded as the direct result of the negligent act is answered with the assertion that an act is always the proximate cause of an injury when, having due regard for the surrounding circumstances, such injury is fairly recognizable as the natural and probable consequence of the act.
 

 In reply to the argument that recovery should be denied on the ground of public policy or expediency, it is submitted that an injury resulting from fright is no more difficult of ascertainment than one resulting from an actual physical blow, and is established by the same kind of evidence; and the fact that fright intervenes between the negligence and the injury cannot possibly affect the character of the injury and the amount of damages which should be recovered therefor.
 

 In an effort to soften the rigor of the rule, some of the courts refusing to allow recovery for injury or illness due to fright, have held that if there is even a
 
 *405
 
 slight impact or any direct physical invasion of the person accompanying the fright, damages may be recovered for the fright and for the ensuing injury or illness. Others stand firm on the proposition that to permit recovery for fright and the injury or illness resulting therefrom, there must be a substantial physical injury contemporaneous with the fright. The latter concept is the more commendable for, when the right of recovery for fright and its effects is made dependent upon the sustaining of a contemporaneous physical injury, such injury should be of sufficient gravity to bear some causal relation or proximate relevancy to the fright and its consequences. See
 
 McCardle
 
 v.
 
 Peck Dry Goods Co.,
 
 271 Mo., 111, 120, 195 S. W., 1034, 1036.
 

 It would be impracticable to note and discuss' the many cases which have dealt with the problem in its different phases. Most of them are collected in 3 L.
 
 R. A. (N.
 
 S.), 49, note; 22 L. R. A.
 
 (N.
 
 S.), 1073, note; 11 A. L. R., 1119, annotation; 40 A. L. R., 983, annotation; 76 A. L. R., 681, annotation; 98 A. L. R., 402, annotation; 17 Corpus Juris, 838, Section 158. And see, 13 Ohio Jurisprudence, 163, Section 80
 
 et seq.
 
 A comprehensive discussion of the question may be found in the opinion in the case of
 
 Lambert
 
 v.
 
 Brewster,
 
 97 W. Va., 124, 125 S. E., 244. Attention is also directed to the articles in 41 Am. L. Reg. (N. S.), 141; 32 Columbia Law Review, 409; 34 Harvard Law Review, 260; 20 Michigan Law Review, 497; 80 Univ. of Pa. Law Review, 627; 19 Va. Law Review, 253.
 

 Frankly, the writer of this opinion believes that the sounder and more logical rule is as stated in
 
 Gulf, C. & S. F. Ry. Co.
 
 v.
 
 Hayter,
 
 93 Tex., 239, 242, 54 S. W., 944, 945, 47 L. R. A., 325, 77 Am. St. Rep., 856, as follows :
 

 “We conclude that where a physical injury results • from a fright or other mental shock, caused by the wrongful act or omission of another, the injured party is entitled to recover his damages, provided the act or
 
 *406
 
 omission is the proximate cause of the injury, and the injury ought in the light of all the circumstances, to have been foreseen as a natural and probable consequence thereof.”
 

 See 2 Restatement of the Law of Torts, 1177, Section 436.
 

 However, in 1908 the Supreme Court of Ohio decided the case of
 
 Miller
 
 v.
 
 Baltimore & Ohio S. W. Rd. Co.,
 
 78 Ohio St., 309, 85 N. E., 499, 18 L. R. A. (N. S.), 949, 125 Am. St. Rep., 699, wherein, all the judges concurring, it was held that the plaintiff was not entitled to recover damages for fright and ensuing illness caused by witnessing at close range one of the cars of the defendant railroad being pushed violently off the end of a switching track and against her dwelling. In the third paragraph of the syllabus' the following general rule of law is stated:
 

 “No liability exists for acts of negligence causing mere fright or .shock, unaccompanied by contemporaneous physical injury, even though subsequent illness results, where the negligent acts complained of, are neither willful nor malicious'.”
 

 In other words, “no legal liability can be predicated upon injury resulting from mere fright or nervous shock.”
 

 The report of the
 
 Miller ' case
 
 in 78 Ohio St., 309, lists the authorities cited by counsel in that case and shows that the court’s attention was directed to several of the leading cases allowing recovery for the consequences of fright occasioned by negligence. However, it deliberately rejected such cases in favor of those denying recovery, and said in plain and unambiguous language that, in a case of simple negligence, proof of “contemporaneous physical injury” is necessary to authorize the recovery of damages for fright and illness resulting therefrom. The holding of the
 
 Miller case
 
 was approved in
 
 Cincinnati Northern Traction Co.
 
 v.
 
 Rosnagle,
 
 84 Ohio St., 310, 318, 95 N. E., 884,
 
 *407
 
 886, 35 L. R. A. (N. S.), 1030, 1033, Ann. Cas. 1912C, 639, and has been followed by the lower courts of the state. See 13 Ohio Jurisprudence, 165, Section 82. The rule in the
 
 Miller case
 
 has been recognized as the law of Ohio for more than thirty years and is supported by abundant and respectable authority. A majority of the present-members of the court, being mindful of the doctrine of
 
 stare decisis,
 
 are of the view that it should not now be overruled.
 

 In the present case the trial judge charged the jury in accordance with the principles announced in the
 
 Miller case,
 
 and advised them that damages might be awarded to the plaintiff for fright and its consequences upon a showing of contemporaneous physical injury, however slight, for which an independent action could be maintained. Notwithstanding such language, the jury specially found no physical injury was occasioned by the closing of the doors and rendered a general verdict for the defendant.
 

 It is elementary “that to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence alleged, and that it was such as might or ought to have been foreseen in the light of the attending circumstances. In contemplation of law, an injury that could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable.” 29 Ohio Jurisprudence, 483, Section 68. This in effect was what the jury was told.
 

 The substantial damages asked by plaintiff ($77,000) were principally for the alleged results of the fright. The occurrence of which she complained happened in broad daylight while the bus was standing perfectly still to permit a number of passengers to alight. Plaintiff testified that passengers' had preceded her in alighting and others were waiting behind her to do so. The jury could readily have' found that no situation
 
 *408
 
 of imminent danger was presented, that the impact and pressure from the doors was trivial, evidenced by the lack of visible indicia of bodily injury, and that any negligence chargeable to the defendant was not of such a character as to produce fright so great that major hysteria inducing paralysis would be an outcome naturally and reasonably to be anticipated. It may well have been that the defendant was given the verdict upon these considerations.
 

 Plaintiff did not rely on
 
 res ipsa loquitur
 
 and introduced no proof of specific negligence on the part of the defendant. However, at a stage of the trial when the plaintiff was attempting to establish negligence, counsel for the defendant conceded that the bus doors closed on plaintiff and should not have done so. This discussion ha!s therefore proceeded on the assumption that negligence existed.
 

 No sufficient grounds appearing for a reversal of the judgment of the Court of Appeals, such judgment will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias and Hart, JJ., concur.