Zimmerman, J.,
 

 dissenting. Judge Hart has written an able and elaborate dissent in this case, with much of which I agree. However, I should like to outline as briefly as possible the principal reasons which impel me to dissent from the majority opinion.
 

 Ordinary negligence
 
 was the basis upon which the recovery of damages was sought and denied in the cases of
 
 Miller
 
 v.
 
 Baltimore & Ohio Southwestern Rd. Co.,
 
 78 Ohio St., 309, 85 N. E., 499,18 L. R. A. (N. S.), 949, 125 Am. St. Rep., 699 and
 
 Davis
 
 v.
 
 Cleveland Ry. Co.,
 
 135 Ohio St., 401, 21 N. E. (2d), 169.
 

 
 *325
 
 In the instant case, the petition alleges in essence that the defendant, knowing the plaintiff to be advanced in pregnancy, deliberately and maliciously in a public place and in á loud voice, used vile and abusive language toward plaintiff, by reason whereof she suffered an emotional disturbance resulting in impairment of health.
 

 It is my conviction that such petition states a good cause of action for a wilful and malicious wrong and that nothing was said by counsel for plaintiff in his opening statement to warrant the trial judge in dismissing the petition and rendering judgment for the defendant.
 

 There is an abundance of respectable authority supporting the proposition that where one wilfully and with a malicious motive uses vile and opprobrious language toward another, under conditions where deleterious consequences might reasonably be anticipated, and the use of such language does in fact cause an emotional disturbance resulting in physical harm, the actor may be made to respond in damages for the consequences of his inexcusable and reprehensible conduct. See 52 American Jurisprudence, 403, 419, Sections 58, 73. See, also, the views of the writer as expressed in the
 
 Davis case
 
 (135 Ohio St., 401, at 405, 21 N. E. [2d], 172) and in his dissenting opinion in the case of
 
 Mabley & Carew Co.
 
 v.
 
 Lee, a Minor,
 
 129 Ohio St., 69, at 76, 79, 193 N. E., 748, 749, 100 A. L. R., 516, 518.
 

 Although in the
 
 Miller case
 
 this court did expressly hold that “no liability exists for acts of negligence causing mere fright or shock, unaccompanied by contemporaneous physical injury, even though subsequent illness results,” the plain intimation is present that a different conclusion might be reached in a case where the negligent acts, causing mental distress followed by
 
 *326
 
 physical disorder, were wilfully and maliciously perpetrated.
 

 I think the judgment of the Court of Appeals herein was justified and proper and that the same should* therefore, be affirmed.