BARNETT, ADMR., APPELLEE, v. SUN OIL CO., APPELLANT.*

(No. 8819—Decided January 3, 1961.)

*Messrs. Spraul, Henkel & Reyering,* for appellee.
*Messrs. Pogue, Helmholz, Culbertson & French* and *Mr.
Edward J. Utz,* for appellant.

O'CONNELL, J. The facts in this case disclose that Mae
Barnett was the mother of a number of children and that she
had been accustomed to look after the needs of these children;
that she had been suffering from heart disease; that her ankles
had been swollen and that she had shortness of breath and head-
ache; that she had been treated by Dr. Samuel Bell for this con-
dition; and, further, that she had been a patient in a hospital for
this condition. The facts disclose further that on June 30, 1956,
the defendant drove a double tandem tractor-trailer, loaded with
gasoline, down State Avenue hill, as it approaches Harrison
Avenue, in the city of Cincinnati, and lost control of the vehicle
which hit a utility pole; that gasoline was spilled and exploded;
that the street was under repair at the time; that sewer-hole
tops had been lifted above the general level of the surface of the
street; that after the collision a fire ensued; and that it was
burning in the street and subsequently spread to some buildings
on the west side of Harrison Avenue.

The facts also reveal that a daughter on the second floor
of the residence came to the top of the steps and called to her
parents that there was a fire in the street; that the Barnett resi-
dence is at 1381 Harrison Avenue, on the west side; that the
front of the residence is built out to the sidewalk line and the
rear of the residence was built into a hill at the rear of the

*Motion to certify the record overruled, April 19, 1961.

house; that on the west end of a concrete areaway, which was at the north side of the residence and about twenty feet from the front of the house on the ground level, there was a side entrance which opened into the said areaway; that at the west end of the concrete area was a flight of six steps which led to the rear yard; that when the fire broke out Mae Barnett and her husband were in bed in the bedroom on the ground floor; that they arose and started to leave the premises to reach Ernst Street in the rear of their property; that they proceeded up the concrete steps; that they went through the yard and up the fourteen steps to the second level of the barn (to the rear of their property) to reach Ernst Street (to the rear); and that when they reached a point near Ernst Street, Mrs. Barnett said that she could go no further, and they took her to a neighbor's porch, where she died.

The facts reveal further that the death certificate shows that Mrs. Barnett died from hypertension heart disease.

A judgment for $41,000, which was later reduced to $20,000, was returned by the jury, and the case is in this court on an appeal from that judgment.

The question for the court to determine is whether or not, in the light of all the circumstances of the case, the defendant can be charged with actionable negligence. The cases on this subject lay down certain conditions which must be present before recovery can be had: (1) In cases of pure fright, without physical injury; (2) in cases where physical injury has resulted. Now, in a negligence case there can be no recovery for fright or shock unaccompanied by physical injury, unless the act complained of was "intentional, wilful or wanton."

The English law likewise is that no recovery can be had without physical injuries. And from 16 Minn. Law Review, 860, we find that in Mees v. Western Union Telegraph Co., 55 F. (2d), 691, it was held that "an action cannot be predicated on mental suffering alone, physical sickness resulting therefrom is not actionable because it is not the proximate result of defendant's negligence * * * where there is no actual, physical impact and the wrong is not wilful, damages cannot be allowed for physical sickness or disability resulting merely from mental anguish * * *."

Paragraph one of the syllabus in *Koontz* v. *Keller, Admx.*, 52 Ohio App., 265, is as follows:

"In a negligence case there can be no recovery for fright or shock unaccompanied by physical injury, unless the act complained of was intentional, wilful or wanton."

Many years previously (1894), in *Kester* v. *Western Union Telegraph Co.*, 8 C. C., 236, 4 C. D., 410, the court held that mental suffering brought about by the failure to receive a telegram announcing a death and time of a funeral, unless there are accompanying pecuniary loss or physical injuries, is not actionable. And in a later case, *Hillard, Admr.*, v. *Western & Southern Life Ins. Co.*, 23 Ohio Opinions, 133, the same rule is laid down in a case where there are no physical injuries. In a case involving negligence which causes fright, there can be no recovery without wantonness, wilfulness and intention.

See, also, *Lehman* v. *Brooklyn City Rd. Co.*, 54 N. Y. (47 Hun.), 355.

Otherwise (without intention, wilfulness and wantonness), the personal injury must be accompanied by "contemporaneous physical injury." *Miller* v. *Baltimore & Ohio Southwestern Rd. Co.*, 78 Ohio St., 309. Moreover, "a personal injury or disability which * * * could not have been reasonably anticipated as a probable result of the particular negligence, is not actionable." *Davis* v. *Cleveland Ry. Co.*, 135 Ohio St., 401.

In *Davis* v. *Cleveland Ry. Co., supra*, the syllabus is as follows:

"1. In a personal injury action involving ordinary negligence, no liability exists for fright and its consequences when such fright is unaccompanied by contemporaneous physical injury. (*Miller* v. *Baltimore & Ohio S. W. Rd. Co.*, 78 Ohio St., 309, approved and followed.)

"2. A personal injury or disability which, in the light of the surrounding circumstances, could not have been reasonably anticipated as the probable result of the particular negligence, is not actionable."

See, also, *Haile's Curator* v. *Texas P. Ry. Co.*, 60 F., 557; *State, Use of Aronoff*, v. *Baltimore Transit Co.*, 197 Md., 528; *Mauney* v. *Gulf Refining Co.*, 193 Miss., 421; *Dahlstrom* v. *Shrum*, 368 Pa., 423; *Uvalde Construction Co.* v. *Hill*, 142 Tex.,

19; *Herrick* v. *Evening Express Publishing Co.*, 120 Me., 138; *Southern Express Co.* v. *Byers*, 240 U. S., 612.

Because the case of *Miller* v. *Baltimore & Ohio Southwestern Rd. Co.*, *supra* (decided June 9, 1908), has been followed by the courts for many years in cases such as the case before us, we set out the syllabus as follows:

"1. In an action to recover damages for injuries sustained through the negligence of another, the law regards only the direct and proximate results of the negligent act, as creating a liability against the wrongdoer.

"2. In contemplation of law, an injury that could not have been foreseen or reasonably anticipated as the probable result of an act of negligence, is not actionable.

"3. No liability exists for acts of negligence causing mere fright or shock, unaccompanied by contemporaneous physical injury, even though subsequent illness results, where the negligent acts complained of, are neither willful nor malicious."

And 39 Ohio Jurisprudence (2d), 494, Section 11, treats the subject of foreseeability as follows:

"The doctrine of reasonable anticipation or foreseeability of the consequences of one's negligent acts is clearly a part of the negligence law of Ohio. To be liable in negligence, one must be guilty of something done or left undone with knowledge, or what is legally tantamount to knowledge, of the situation. Fault on the part of the defendant is to be found in action or nonaction, accompanied by knowledge, actual or implied, of the probable results of his conduct; and a person's liability for his acts depends upon their tendency under the circumstances as they are known or should be known to him. The question of negligence is to be determined by the consideration whether or not a party has guarded against those things which he might reasonably have had cause to anticipate. There is no actionable liability for negligence unless injury resulting therefrom could reasonably have been foreseen in the light of attending circumstances. In other words, damages for an injury resulting from a negligent act of the defendant may be recovered if a reasonably prudent and careful person should have anticipated, under the same or similar circumstances, that injury to the plaintiff or to those in a like situation would probably result."

And in *Garbo* v. *Walker*, 71 Ohio Law Abs., 368, the second paragraph of the headnotes reads as follows: "The doctrine of reasonable anticipation or foreseeability of the consequences of one's negligent acts is clearly a part of the negligence law of Ohio."

Moreover, 16 Ohio Jurisprudence (2d), 217, Section 81, puts the matter of recoverability in fright cases quite plainly as follows: "Damage arising from mere sudden terror, unaccompanied by any physical injury, but occasioning a nervous or mental shock, cannot be considered a consequence which, in the ordinary course of things, would flow from negligence. [Citing *Miller* v. *Baltimore & Ohio Southwestern Rd. Co., supra.*] However, the rule requiring contemporaneous physical injury is subject to an exception where the wrong complained of consists of a wilful, wanton, or malicious act."

And 15 American Jurisprudence, 608, Section 189, speaks thus of recovery from mere fright: " * * * No recovery can be had for fright alone caused by a negligent act which is neither accompanied nor followed by physical injury. In other words, mere fright cannot be made the basis of an action for damages, unless caused by the wilful wrong of another."

Also, 25 Corpus Juris Secundum, 557, Section 70, sets down the law with regard to recovery for fright (citing, among other cases, *Davis* v. *Cleveland Ry. Co.*, 135 Ohio St., 401): " * * * in many jurisdictions there can be no recovery for physical results consequent upon such mere fright. * * * The rule * * * allowing a recovery for mental suffering alone, in cases of willful tort, will, it has been held, permit a recovery for injury flowing from fright alone caused by the wanton and willful acts of defendant."

According to Archibald H. Throckmorton (34 Harvard Law Review, 260, 265), "The principal reasons assigned by the courts (in America) for denying recovery in the class of cases referred to are:

"First, that since fright caused by negligence is not in itself a cause of action, none of its consequences can give a cause of action;

"Second, that the damages resulting from fright are too remote;

"Third, that it is contrary to public policy to allow recovery for damages for personal injuries resulting from fright."

Therefore, according to Mr. Throckmorton, there must be an actual impact before a recovery can be had.

It is interesting to observe that in *Victorian Railways Commissioners* v. *Coultas* (1888), 13 L. R., App. Cas., 222, it was held that impact was a necessary element for recovery in physical injuries. An Irish court refused to follow the findings in that case. Indeed, the Judicial Committees of the Privy Council had held that damage at law could not be proved in respect to personal injuries unless there was some injury, which was variously called "bodily" or "physical" but which necessarily excluded any injury which was only mental. Shortly thereafter, the courts of England and of Scotland and of Ireland declined to follow the decision of the Judicial Committee of the Privy Council.

This whole doctrine was attacked vigorously in an editorial in 13 Case & Comment, 31 (August 1906), as being unreasonable and unrealistic.

There is no complete uniformity in this country as to whether physical impact is necessary in cases of physical injury. However, in 24 California Law Review, 229 (1936), the author has this to say:

"The weight of authority is apparently still slightly against allowing recovery where there is no impact, although many jurisdictions hold that where the physical injury is the result of reasonable fear for one's own safety, impact is not required."

And in *Bosley* v. *Andrews*, 393 Pa., 161, 142 A. (2d), 263, the court allowed no recovery for injuries resulting from fright or shock unless it was accompanied by physical injury and physical impact.

However, according to Leo L. Linck (16 Notre Dame Lawyer, 373), there are two schools of thought upon the subject of recoverability in fright cases. "The one is conservative and allows no recovery for physical injury resulting from nervous shock unless there has been some physical impact accompanying and contemporaneous with the mental suffering." According to another view, "bodily contact contemporaneous with fright is not a '*sine qua non*' of recovery; and the necessity of showing physical impact is precluded if the mental shock constitutes a link in the chain of causation culminating in physical injury."

Finally, in the 25 Brooklyn Law Review, 265 (April 1959), it is said that the New York courts presently adhere to the rule against recovery established prior to 1900. (See, also, *Bosley* v. *Andrews, supra.*)

Though it has been said (16 Notre Dame Lawyer, 373) that Ohio follows the impact rule, the cases generally do not reflect such a finding. However, whether impact is necessary in cases of injury is unimportant in the case before this court inasmuch as there were no injuries. Since there were no injuries and since there is no evidence of wantonness or foreseeability, it is the opinion of this court that the trial court was guilty of prejudicial error in not granting the defendant's motion for an instructed verdict.

The judgment of the Court of Common Pleas of Hamilton County is, therefore, reversed, and final judgment is entered in this court in favor of the defendant.

*Judgment reversed.*

MATTHEWS, P. J., and LONG, J., concur.