[Cite as *Sanford v. Ohio Dept. of Health*, 2011-Ohio-1847.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROGER L. SANFORD

   Plaintiff

   v.

OHIO DEPARTMENT OF HEALTH

   Defendant
   Case No. 2007-05946

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} Plaintiff brought this action alleging claims which the court construes as negligence and negligent infliction of emotional distress. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} This case arises as a result of complaints that plaintiff and his sister, Bonnie Shafer,[1] filed with defendant, the Ohio Department of Health (ODH). The complaints concerned care provided to their father, Louis Sanford,[2] by two Ohio nursing homes. ODH is responsible for inspection, certification, and licensing of certain types of nursing facilities. It is also authorized to investigate complaints concerning a variety of issues, including compliance with Ohio quality of care regulatory requirements. (Plaintiff's Exhibit 2.)

{¶ 3} On June 26, 2006, plaintiff and Shafer filed a complaint with ODH regarding Heartland of Riverview Nursing Home in South Point, Ohio. They alleged,

---

[1]Shafer is not a plaintiff in the case.

among other things, that their father fell from his bed because it was not equipped with safety rails, and that he did not receive prompt diagnostic or follow-up care subsequent to the fall. The complaint was investigated by ODH and one of the allegations, concerning a blister on their father's foot, was substantiated; however, no citations were issued because the facility was in compliance with all pertinent regulations at the time that ODH surveyors visited. Plaintiff contends that ODH was negligent in failing to issue any citations to that facility.

{¶ 4} On September 14, 2006, plaintiff filed both a complaint with ODH and a packet of supporting evidence regarding care provided to his father while at Greenbriar Healthcare Center (Greenbriar) in Wheelersburg, Ohio. The primary complaint registered by plaintiff and Shafer was that the nursing staff failed to administer antibiotics that had been ordered by a hospital physician prior to Sanford's arrival at Greenbriar. The complaint was investigated by ODH, but none of the allegations were substantiated. Plaintiff asserts that the evidence he submitted corroborated his allegations, particularly the statements of two Greenbriar employees, with whom he had spoken. Plaintiff testified that the evidence was returned to him and was not considered in the investigation. He then requested that the investigation be reopened for "good cause," so that the evidence could be considered. According to plaintiff, ODH refused to reopen the case. He contends that ODH was negligent in failing to properly conduct the investigation, in failing to consider his evidence, and in refusing to reopen the case. Plaintiff asserts that he has suffered extreme emotional distress, for which he has sought medical attention, professional counseling, and drug therapy, in connection with ODH's investigation of his complaints.

{¶ 5} In support of his claims, plaintiff presented his own testimony and that of Shafer, as well as numerous exhibits documenting their father's nursing-home care and their efforts to have the two facilities investigated and cited for quality-of-care violations. In response, ODH presented the testimony of Hahn Le, then supervisor of the Provider and Consumer Services Unit for the Division of Quality Assurance; Suzette Mace, a health care facility surveyor; and Melanie Wood, then an assistant district office supervisor in the Division of Quality Assurance.

---

[2] References to "Sanford" in this case are to Louis Sanford.

{¶ 6} "It is fundamental that in order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Prod., Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 7} In this case, plaintiff failed to allege or prove any compensable injury proximately resulting from ODH's alleged negligence. Rather, he asserted only that he has suffered extreme emotional distress. It is well-settled that a negligence action "'cannot be predicated on mental suffering alone, physical sickness resulting therefrom is not actionable because it is not the proximate result of defendant's negligence * * * where there is no actual, physical impact and the wrong is not wilful, damages cannot be allowed for physical sickness or disability resulting merely from mental anguish * * *.'" *Barnett v. Sun Oil Co.* (1961), 113 Ohio App. 449, 450-451, quoting *Mees v. Western Union Telegraph Co.*, 55 F. 2d, 691.

{¶ 8} Nonetheless, even if plaintiff had established an actionable claim of negligence, the weight of the evidence demonstrated that ODH conducted prompt, thorough investigations of all allegations asserted in plaintiff's and Shafer's complaints, that its findings were well-documented, and that its ultimate determinations were based upon reliable, trustworthy evidence. In addition, based upon Wood's competent, credible testimony, the court is persuaded that plaintiff's additional evidence concerning the Greenbriar complaint was received by ODH and given due consideration. Therefore, the preponderance of the evidence did not substantiate plaintiff's claim of negligence.

{¶ 9} With respect to any claim of negligent infliction of emotional distress, Ohio courts limit recovery on such claims to those instances in which an individual was a bystander to an accident or was in fear of physical injury to his own person. *Paugh v. Hanks* (1983), 6 Ohio St.3d 72; *High v. Howard* (1992), 64 Ohio St.3d 82. Further, the emotional distress must be such that "a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Paugh v. Hanks*, supra, paragraph three of the syllabus. No such circumstances are alleged in plaintiff's complaint nor were any facts of that

nature presented at trial. Accordingly, any claim of negligent infliction of emotional distress also must fail.

{¶ 10} For the foregoing reasons, judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROGER L. SANFORD

    Plaintiff

    v.

OHIO DEPARTMENT OF HEALTH

    Defendant
    Case No. 2007-05946

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

This case was tried to the court on the issue of liability. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.

Judge

cc:

Stephanie D. Pestello-Sharf          Roger L. Sanford
Assistant Attorney General           402 12th Street West
150 East Gay Street, 18th Floor      Huntington, West Virginia 25704
Columbus, Ohio 43215-3130

LH/cmd
Filed March 17, 2011
To S.C. reporter April 12, 2011